HENRY JULIUS v. WILLIAM CALLAHAN and Others.[1]

December 13, 1895.

Nos. 9500—(63).

**Mechanic's Lien—Service on Joint Contractor.**

In an action by a subcontractor to enforce a mechanic's lien, the two original contractors, who were jointly liable, were impleaded as defendants, but service of the summons was only made on one of them. *Held*, that it was not error to deny the motion of the owner of the property, on which the lien was claimed, to continue the action until service was made on the other contractor.

**Constitution—Title of Act.**

Article 4, § 27, of the constitution, providing that the subject of a law shall be expressed in its title, has no application to the action of the legislature proposing an amendment to the constitution.

**Mechanic's Lien—Lis Pendens.**

In an action to enforce a mechanic's lien, the filing of a notice of lis pendens is not a condition precedent to the right of action, nor does it go to the jurisdiction of the court.

**Same.**

The omission to file such a notice cannot be raised for the first time after trial as an objection to the rendition of judgment.

Appeal by defendant Jordan from an order of the district court for Waseca county, Buckham, J., denying a motion for a new trial. Affirmed.

*John Moonan*, for appellant.

*E. B. Collester*, for respondent Julius.

*F. B. Andrews*, for respondent Laird-Norton Company.

MITCHELL, J. This was an action to enforce a mechanic's lien for labor performed by plaintiff for the firm of Callahan & Cotter, contractors, in the erection of a house for defendant Jordan. Laird-Norton Company appeared in the action, and claimed a lien for material furnished to Callahan & Cotter for the erection of the same building. The assignments of error are unnecessarily numerous, oft-

[1] Reported in 65 N. W. 267.

en mere repetitions, and but very few of them require special notice.

1. Both Callahan and Cotter were impleaded as defendants, and it is alleged in the complaint and admitted by the answer that they were copartners. The summons was served on Callahan, but not on Cotter, and on the trial the defendant Jordan moved that the action be dismissed, and, this motion being denied, that the action be continued to get service on Cotter, which was also denied. The denial of these motions is assigned as error. Conceding that the original contractors are necessary parties to an action by a subcontractor to enforce a mechanic's lien, still there was no error in the ruling of the court. Callahan and Cotter were jointly indebted to the plaintiff, and, the summons being served on one of them, the defendant might proceed, unless the court otherwise directed, and have judgment against both defendants, enforceable against the joint property of both and the separate property of the one served. G. S. 1894, § 5207.

2. The land upon which the house in question was erected was Jordan's homestead, and it is urged that, as to the claim of Laird-Norton Company for material, the provision of article 1, § 12, of the constitution of the state, that exempt property shall be liable for debts incurred for work done or material furnished in the construction, repair, or improvement of the same, is itself unconstitutional, because the subject is not expressed in the title of the so-called act (Laws 1887, c. 2) by which this proposed amendment to the constitution was submitted to the people. Article 4, § 27, of the constitution has no application to the case. In proposing an amendment to the constitution it is not necessary that the legislature pass a formal "act" or statute. It may be done by a joint resolution of both houses; and it is not the action of the legislature in proposing the amendment, but the action of the people in adopting it, that gives it effect as a part of the organic law of the state.

3. The same party called Laird-Norton Company has been defendant in this action from start to finish, and it is immaterial whether it was a partnership or a corporation, or that it was misdescribed as being the one when in fact it was the other.

4. It appears that at or before the commencement of the erection of the building Laird-Norton Company made a contract with Callahan & Cotter to furnish them a certain quantity of material for this building; that this was delivered from time to time as the work progressed;

that thereafter Laird-Norton Company continued to furnish additional material for the same purpose. Under the evidence the court was justified in treating this as all one continuous transaction, so that the time for filing the lien statement should be considered as commencing to run from the date when the last item of material was furnished.

In an action to enforce a mechanic's lien, the filing of notice of lis pendens is not a condition precedent to a right of action. Neither does it go to the jurisdiction of the court. The omission to file such a notice may, before trial, be good ground for a motion to require it to be filed, and to continue the cause until this is done; but it cannot be raised for the first time after trial as an objection to the rendition of judgment.

Order affirmed.