MEYER, KASINDORF AND MANCINO, ARCHITECTS v. LAFAYETTE BANK AND TRUST COMPANY ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 161021
AT BRIDGEPORT

Memorandum filed April 19, 1977

*Fleischmann & Sherbacow,* for the plaintiffs.

*Brownstein, DiPietro & Kantrowitz,* for the defendant Thermal Acoustics, Inc.

*Cohen & Wolf,* for the named defendant.

*Katz, Scoville & Kane,* for the defendant Robert Dry Wall Company, Inc.

*Lepofsky, Lepofsky & Lang,* for the defendant Thomas Reardon, Inc.

*Daniel Meister,* for the defendants Modulaire Components, Inc., and Sutton Brothers, Inc.

*Solomon & Brown,* for the defendant George Ellis Company of New Haven, Inc.

MULVEY, J.   The defendant Lafayette Bank and Trust Company has filed a motion to erase this action for the foreclosure of a mechanic's lien on the grounds (1) that the plaintiffs failed to file a lis pendens within one year of the filing of the lien as required by § 49-39[1] of the General Statutes, and (2) that an arbitration agreement between the parties precludes any action to foreclose the lien.

A motion to erase will be granted only when it clearly appears on the face of the record that the court is without jurisdiction. *Tuccio* v. *Zehrung,* 164 Conn. 231, 232.   When "facts are relied upon which do not appear in the record, a plea in abatement shall be used rather than a motion to erase." Practice Book § 93.

This defendant, by affidavit, invokes facts not appearing on the record and a plea in abatement

[1] "[General Statutes] Sec. 49-39. TIME LIMITATION OF MECHANIC'S LIEN. ACTION TO FORECLOSE PRIVILEGED. No mechanic's lien shall continue in force for a longer period than one year after such lien has been perfected, unless the party claiming such lien commences an action to foreclose the same, by complaint, cross-complaint or counterclaim, and files a notice of lis pendens in evidence thereof with the town clerk within one year from the date such lien was filed with such town clerk or within sixty days of any final disposition of an appeal taken in accordance with section 49-35c, whichever is later.   Each such lien, after the expiration of such one-year period or sixty-day period, as the case may be, without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law.   An action to foreclose a mechanic's lien shall be privileged in respect to assignment for trial.   With respect to any such lien which was validated in accordance with the provisions of section 49-37a, such one-year period or sixty-day period, as the case may be, shall toll from the date of such validation."

is the proper motion under the circumstances. The parties have agreed, however, that the court may decide the issues, and, of course, the question of lack of jurisdiction, once raised, must be disposed of by the court regardless of the form in which it is presented. *Kohn Display & Woodworking Co.* v. *Paragon Paint & Varnish Corporation*, 166 Conn. 446, 448.

The defendant's argument is essentially that because the plaintiffs failed to file a lis pendens within one year of the filing of their mechanic's lien, the lien is invalid as to all parties regardless of whether the party asserting the defect has been prejudiced by the failure to file.

At common law, the equitable doctrine of lis pendens became operative when a suit affecting real property was commenced. "One who purchased property affected by litigation, pendente lite, without any notice, implied or in fact, was nonetheless bound by the judgment or decree in the suit. Every man was presumed to be attentive to what passed in the courts of his state. *Norton* v. *Birge*, 35 Conn. 250, 258-59." *Ravitch* v. *Stollman Poultry Farms, Inc.*, 162 Conn. 26, 33. To avoid the harshness of this rule, statutes were enacted requiring the filing of notice of lis pendens in order to protect third-party transferees by affording them constructive notice of the pending suit. *Ravitch* v. *Stollman Poultry Farms, Inc.*, supra; see General Statutes § 52-325. Although the Connecticut Supreme Court has yet to decide the significance of the lis pendens requirement of § 49-39, the decisions in other jurisdictions reflect the view that a failure to file a notice of lis pendens is neither jurisdictional nor fatal to the foreclosure action.

The purpose of the lis pendens in the context of a mechanic's lien is the same as it is in any other situation in which real property is the subject of

litigation; namely, it is intended to give constructive notice to persons seeking to purchase or encumber property after the recording of a lien or the commencement of a foreclosure suit. 53 Am. Jur. 2d, Mechanics' Liens, § 345. In view of the primary purpose of the lis pendens requirement and the remedial nature of the mechanic's lien statute; see *City Lumber Co.* v. *Borsuk,* 131 Conn. 640, 645; the courts which have addressed this issue have found that "the filing of notice of lis pendens is not a condition precedent to a right of action. Neither does it go to the jurisdiction of the court." *Julius* v. *Callahan,* 63 Minn. 154; see *Patten-Blinn Lumber Co.* v. *Francis,* 166 Cal. App. 2d 196, 200. "[T]he purpose of a notice of *lis pendens* under the mechanic's lien law is to perform its usual office, to give constructive notice, nothing more." *Patten-Blinn Lumber Co.* v. *Francis,* supra, 203. Thus, if a person has actual notice of the lien and a suit commenced thereon, that actual notice may take the place of constructive notice imparted by the filing of a lis pendens. *Packard Bell Electronics Corporation* v. *Theseus, Inc.,* 244 Cal. App. 2d 355 (Dist. Ct. App.); see *Whitehead & Kales Co.* v. *Taan,* 233 Mich. 597. "To hold otherwise would exalt constructive notice over actual notice." *Wallich Lumber Co.* v. *Golds,* 375 Mich. 323, 326.

In the present case, the defendant Lafayette Bank and Trust Company had actual notice of this action and was the defendant named originally. Lafayette Bank cannot claim any prejudice from the plaintiffs' failure to file a notice of lis pendens within the time prescribed by § 49-39 and, since the requirement is not a condition precedent to the plaintiffs' right of action; *Julius* v. *Callahan,* supra; the plaintiffs' lien is not invalid as to this defendant.

Finally, this defendant's argument that the arbitration agreement precludes foreclosure of the lien

is without merit. First, the mere existence of an arbitration clause does not waive the right to a lien absent either language expressly so providing or conduct clearly and unambiguously implying such a waiver. See, e.g., *Mills* v. *Robert W. Gottfried, Inc.,* 272 So. 2d 837 (Fla. App.). Second, and more importantly, this claim does not attack the court's jurisdiction; rather, it is a defense on the merits to the plaintiffs' claim and is, therefore, not the proper subject of a motion to erase or plea in abatement. See *Sestero* v. *Glastonbury,* 19 Conn. Sup. 156, 158.

The motion to erase filed by the defendant Lafayette Bank and Trust Company is denied.