[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking foreclosure of a mechanic's lien.; The plaintiff alleges that it recorded its lien on the Woodbury town land records on June 5, 1990. The action was commenced by service of process on April 26, 1991. The defendants, all served on the latter date, are Wayne and Jaada Hales, the owners of the premises, and New England Federal Savings Bank and Ideal Financial Services, Inc. ("Ideal"), each of which claim an interest in the premises by virtue of mortgages. On September 20, 1991, Ideal filed a motion to strike the entire complaint claiming that the plaintiff failed to record a notice of lis pendens in evidence of this action on the town land records within one year from the date the lien was recorded and that the mechanic's lien is, consequently, no longer in force pursuant to Conn. Gen. Stat. sec.49-39.
As it happens, the complaint contains no reference to any notice of lis pendens, and, in this context, the motion to strike raises the comparatively narrow issue of whether the plaintiff has an affirmative obligation to plead that a lis pendens has been duly recorded. At oral argument, however, the plaintiff conceded that no lis pendens has, in fact, been filed, and both parties have urged the court to decide the case on that basis. Although a motion for summary judgment would plainly be the more appropriate procedural vehicle for raising the point contested by the parties, to insist on this under the present circumstances would be to exalt form over substance. The contested issue has been fully briefed and argued, the relevant facts are not in dispute, and the court finds it appropriate to decide the issue raised by Ideal on the merits.
Conn. Gen. Stat. sec. 49-39 provides that,
 A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it . . . and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded.
"The doctrine underlying lis pendens is that a person who deals with property while it is in litigation does so at his peril." Kukanskis v. Griffith, 180 Conn. 501, 507, 430 A.2d 21
CT Page 9241 (1980). The manifest purpose of the lis pendens requirement of Sec. 49-39 is "to give constructive notice to persons seeking to purchase or encumber property after the recording of a lien or the commencement of a foreclosure suit." Meyer, Kasindorf Mancino v. Lafayette Bank Trust Co., 34 Conn. Sup. 84, 87, 377 A.2d 861
(1977). The legislative history of this provision indicates that the legislature wished to spare such persons the necessity of checking numerous courthouses to determine whether an action has been filed. 13 S. Proc., Pt. 7, 1969 Sess., pp. 3125-26 (remarks of Sen. Pickett). No other purpose is apparent from the statute or has been suggested by the parties. Constructive notice is, however, unnecessary where actual notice exists. Obviously, a party to an action has no need to circumnavigate the state checking courthouses to determine whether the action has been filed. He has direct notice of the action by service of process. Consequently, as Judge Mulvey held in Meyer, an original defendant, duly served, cannot claim any prejudice from a failure to record a lis pendens. 34 Conn. Sup. at 87. Although Ideal claimed at oral argument that Meyer is distinguishable because the one year filing period had not run in that case, that fact nowhere appears in Meyer, and that case proceeds on the assumption that the one year period had, in fact, run. See id. at 85. In any event, the rationale for Meyer's holding is clearly that of actual notice, and actual notice exists in this case as well.
I am aware of the fact that Meyer is the decision of a single Superior Court judge and that other Superior court judges have reached conflicting conclusions. See Putnam Plumbing Heating v. Hartrick, 1 Conn. L. Rptr. 684 (1990), and authorities cited therein. I nevertheless consider the reasoning of Meyer to be persuasive. This conclusion is reinforced by the fact that virtually all appellate courts in other jurisdictions that have considered the subject have not considered the filing of a lis pendens to be necessary as to a party having actual notice of the action. See Patten-Blinn Lumber Co. v. Francis, 156 Cal.App. 196,333 P.2d 255 (1958); Laverentz v. Craig, 74 Colo. 297,225 P. 250 (1923); Wallich Lumber Co. v. Golds, 375 Mich. 323,134 N.W.2d 722 (1965); Julius v. Callahan, 63 Minn. 154, 65 N.W. 267
(1895); Sheffield v. Early, 25 N.Y.S. 1098 (Sup.Ct. Gen. Term 1893). The only discovered appellate decision to the contrary turns on a statute expressly giving parties with actual notice the right to make the sort of lis pendens claim advanced here. Kalamath Investment Co. v. Asphalt Paving Co., 153 Colo. 109,384 P.2d 938 (1963).
Our statute, in contrast to the Colorado statute at issue in Kalamath, does not make this conclusion inescapable. While Sec.49-39 is mandatory on its face, "[i]t should be remembered that whether a provision is mandatory or directory in a given application is the result of interpretation." 2A N. Singer, CT Page 9242 Sutherland Statutory Construction 640 (4th ed. 1984). "The most satisfactory and conclusive test for determining whether a statute is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or convenience." Kiernan v. Roadway Express, Inc., 15 Conn. App. 625,630, 545 A.2d 1158 (1988). In that case, as far as Ideal is concerned, to strike the complaint because a lis pendens has not been filed would represent the triumph of form over substance and would give Ideal a wholly unjustified windfall.
The motion to strike must consequently be denied.
JON C. BLUE Judge of the Superior Court