FIRST CONSTITUTION BANK *v.* HARBOR VILLAGE LIMITED PARTNERSHIP ET AL.
(11548)

O'CONNELL, FOTI and LAVERY, Js.

Submitted on briefs December 13, 1994—decision released May 2, 1995

*Jonathan D. Elliot,* with whom was *Monica M. Coportino,* for the appellant (substitute plaintiff).

*Jonathan S. Bowman,* with whom was *Paul H. Begemann,* for the appellee (defendant Fairfield Dock Company, Inc.).

FOTI, J. This matter is before us on remand from our Supreme Court; *First Constitution Bank* v. *Harbor Village Ltd. Partnership,* 230 Conn. 807, 822, 646 A.2d 812 (1994); for our consideration of the plaintiff's remaining two claims. See *First Constitution Bank* v. *Harbor Village Ltd. Partnership,* 31 Conn. App. 15, 622 A.2d 1063 (1993).[1] The plaintiff claims that the trial court improperly (1) failed to find that its mortgage had priority over the mechanic's lien filed by Fairfield Dock Company, Inc. (Fairfield), under the doctrine of equitable subrogation, and (2) upheld the validity of Fairfield's mechanic's lien.

---

[1] The underlying facts may be found in *First Constitution Bank* v. *Harbor Village Ltd. Partnership,* supra, 230 Conn. 807. Additional facts will be set forth as required.

The following facts are relevant to the plaintiff's claim of equitable subrogation. On June 18, 1987, the Mechanics and Farmers Bank (M&F) loaned the defendant Harbor Village Limited Partnership (Harbor Village) the sum of $11,451,500; the loan was secured by a mortgage. On December 29, 1988, First Constitution Bank (FCB), the plaintiff's predecessor in interest, loaned Harbor Village the sum of $11,451,500 enabling the defendant to pay off the M&F loan. The mortgage was released that same day. Also on that day, M&F issued a letter of credit in the amount of $11,451,500 to FCB as security for the loan, with the letter of credit being secured by a mortgage from Harbor Village to M&F in that amount. As of that date, FCB had no mortgage to secure its loan. Its only security was the letter of credit from M&F. On May 8, 1989, Harbor Village and William O. Rockwood, Jr., trustee (Rockwood), executed a promissory note to FCB for $21,500,000 and the sum of $11,451,500 was advanced, enabling Harbor Village to pay off the first FCB loan. The second M&F mortgage was released on May 8, 1989, and the letter of credit was to be returned to M&F. FCB never called the letter of credit; M&F never paid any moneys pursuant to that letter of credit. Also, on May 8, 1989, Harbor Village, in order to secure the FCB loan in the amount of $21,500,000, granted a mortgage to FCB. This is the mortgage that First Marine Corporation[2] sought to foreclose.

The trial court found that until May 8, 1989, when Harbor Village granted the mortgage to FCB, FCB was looking to the letter of credit issued by M&F as security for its loan, not to the property. The court noted that at the time that FCB loaned the sum of $11,451,500 to Harbor Village on December 29, 1988, FCB did not take a mortgage from Harbor Village as

[2] The substitute plaintiff, First Marine Corporation, appealed as successor in interest to FCB; we refer to First Marine Corporation as the plaintiff.

security for that loan. The sole security for the loan was the letter of credit from M&F, which in turn took a mortgage to secure any payments that might have been made pursuant to the letter of credit.

The court concluded that FCB had not advanced money to discharge a prior lien on the property and did not take a new mortgage as security. Therefore, because the plaintiff's predecessor in interest had no equitable interest in the property, the court denied the plaintiff's claim that it was entitled to equitable subrogation.[3]

The plaintiff argues that it should be entitled to priority over Fairfield's mechanic's lien because, although it paid off its own bridge loan for which it held no mortgage on the property, it should somehow step into or relate back to M&F's position, which had a mortgage to secure repayment on the letter of credit. We do not agree.

We start by noting, as the trial court did, that the letter of credit was never called and never funded, and we agree that the loan paid off was not M&F's loan, as M&F had never advanced money under its mortgage. The court's findings show that in December, 1988, FCB, not M&F, loaned Harbor Village the "bridge loan." That loan was secured by a letter of credit in favor of FCB in the same amount issued by M&F. M&F thereafter recorded its mortgage deed to secure the repayment of amounts that it might advance pursuant to its letter of credit. Since Harbor Village did not default, the letter of credit was never called and M&F made no advance; FCB had no cause to draw on the M&F letter of credit. No advances were made on the 1988 M&F mortgage.

---

[3] Equitable subrogation is a doctrine borrowed from the civil law and administered so as to secure justice without regard to form or mere technicality. *Home Owners' Loan Corp.* v. *Sears, Roebuck & Co.*, 123 Conn. 232, 238, 193 A. 769 (1937).

We concluded that since no advances were made, the plaintiff's claim of equitable subrogation attempting to relate back to the 1988 M&F mortgage is without merit. The plaintiff's reliance on *Home Owners' Loan Corp.* v. *Sears, Roebuck & Co.*, 123 Conn. 232, 193 A. 769 (1937), for the application of the doctrine of equitable subrogation is misplaced. Since no relating back is available, there is no mortgage position to which the plaintiff can be subrogated.

The plaintiff next claims that the trial court improperly determined that the mechanic's lien was not invalid because Fairfield failed to name the parties to its mechanic's lien foreclosure in the lis pendens. The plaintiff argues that General Statutes § 52-325[4] expressly requires that the notice of lis pendens set forth the name of the parties, and, absent the subsequent recording of a notice of lis pendens and the commencement of a foreclosure within one year after the recording of the certificate of lien, a mechanic's lien expires as a matter of law. The plaintiff claims that since Fairfield's notice of lis pendens names only the plaintiff and omits alleged subsequent encumbrancers, it is plainly defective and therefore invalid, resulting in a corresponding extinguishment, as a matter of law, of the mechanic's lien. The plaintiff argues that the naming of all the par-

---

[4] General Statutes § 52-325 provides in relevant part: "NOTICE OF LIS PENDENS. (a) In any action in a court of this state or in a court of the United States (1) the plaintiff or his attorney, at the time the action is commenced or afterwards, or (2) a defendant, when he sets up an affirmative cause of action in his answer and demands substantive relief at the time the answer is filed, if the action is intended to affect real property, may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, containing the names of the parties, the nature and object of the action, the court to which it is returnable and the term, session or return day thereof, the date of the process and the description of the property . . . . This section shall be construed to apply to mechanics' liens . . . ."

ties is mandatory, and the reference "et al." is insufficient as a legal phrase to validate the lis pendens. We do not agree.

The record discloses that the notice of lis pendens was recorded on March 28, 1991, within the one year period that commenced on April 16, 1990. The record also discloses that the case caption of the lis pendens states: *"Fairfield Dock Company, Inc.* v. *Harbor Village Limited Partnership, Market Corp. Real Estate, Inc., Trustee, et al."* The lis pendens also contains the return date and court, thus allowing an interested party to view the full summons and complaint that lists every party in detail. In the present matter, we need not determine whether the name of every defendant be indicated on a lis pendens in order that a mechanic's lien not be invalidated.

A notice of lis pendens is appropriate where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself. *Garcia* v. *Brooks Street Associates*, 209 Conn. 15, 22, 546 A.2d 275 (1988). A lis pendens is a creature of statute and a person invoking its provisions must comply with the statutory requirements. *H & S Torrington Associates* v. *Lutz Engineering Co.*, 185 Conn. 549, 553, 441 A.2d 171 (1981). "Nevertheless, the provisions of the statute should be liberally construed to implement reasonably and fairly its remedial intent of giving notice of claims pertaining to the real property which is the subject of the litigation." *Manaker* v. *Manaker*, 11 Conn. App. 653, 660–61, 528 A.2d 1170 (1987). "The purpose of the lis pendens in the context of a mechanic's lien is the same as it is in any other situation in which real property is the subject of litigation; namely, it is intended to give constructive notice to persons seeking to purchase or encumber property after the recording of a lien or the commencement of a foreclosure suit. . . . Thus, if a person has

actual notice of the lien and a suit commenced thereon, that actual notice may take the place of constructive notice imparted by the filing of a lis pendens. . . . To hold otherwise would exalt constructive notice over actual notice." (Citations omitted; internal quotation marks omitted.) *Meyer, Kasindorf & Mancino* v. *Lafayette Bank & Trust Co.,* 34 Conn. Sup. 84, 86–87, 377 A.2d 861 (1977).

"The doctrine underlying lis pendens is that a person who deals with property while it is in litigation does so at his peril . . . . [I]f the power of the courts to determine the rights of the parties to real property could be defeated by its transfer, [during the pendency of litigation], to a purchaser without notice, additional litigation would be spawned and the public's confidence in the judicial process could be undermined." (Citations omitted; internal quotation marks omitted.) *Williams* v. *Bartlett,* 189 Conn. 471, 480, 457 A.2d 290, appeal dismissed, 464 U.S. 801, 104 S. Ct. 46, 78 L. Ed. 2d 67 (1983).

Since the filing of notice of lis pendens is not a condition precedent to a right of action; *Meyer, Kasindorf & Mancino* v. *Lafayette Bank & Trust Co.,* supra, 34 Conn. Sup. 87; and since the plaintiff, or its predecessor, had actual notice of the action for foreclosure of the mechanic's lien,[5] Fairfield's lien is not invalid to this plaintiff. The plaintiff suffered no prejudice even if the notice of lis pendens did not "contain the names of the parties." As our Supreme Court has recently said, in validating this lien in this matter, despite claimed errors on the face of the lien certificate where the mistake was made in good faith and no resulting

---

[5] The plaintiff acknowledges that its predecessor, FCB, was named as a defendant in the foreclosure action. The issue of actual notice was raised by the defendant and was argued. The defendant's brief stated that "all parties named in the action received service of the complaint, thus giving them actual notice."

prejudice was claimed, " 'we do not think a court of equity can be called upon to declare [a] lien utterly void upon the motive of persons who have lost nothing by [the] mistake.' " *First Constitution Bank* v. *Harbor Village Ltd. Partnership*, supra, 230 Conn. 816. Because the plaintiff can show no prejudice, even if the notice of lis pendens should be invalid, its application to discharge the defendant's mechanic's lien on this basis was properly denied.

The judgment is affirmed.

In this opinion LAVERY, J., concurred.

O'CONNELL, J., concurring. I write separately on the issue of the validity of the lis pendens because of its importance to the reliability of land records. I do not agree that a lis pendens does not have to contain the names of all parties to the action, that the name of the first defendant followed by the words "et al." is sufficient. The relevant portion of General Statutes § 52-325 (a), the lis pendens statute, provides that "the plaintiff . . . may cause to be recorded in the office of the town clerk of each town in which the property is situated a notice of lis pendens, *containing the names of the parties* . . . ." (Emphasis added.) I cannot conceive of a clearer statement of the law.

Courts must interpret statutes as written; *Howard* v. *Commissioner of Correction*, 230 Conn. 17, 22, 644 A.2d 874 (1994); and, if a statute is clear and its language unambiguous, there is no room for construction. *University of Connecticut* v. *Freedom of Information Commission*, 217 Conn. 322, 328, 585 A.2d 690 (1991). Because the lis pendens statute unequivocally declares that a recorded lis pendens must contain *"the names of the parties,"* (emphasis added) we have no right to construe it so as to allow a substitute for "the names of the parties."

Furthermore, we should look to the purpose of the statute and construe it so as to effect that purpose. *State* v. *Harrison*, 228 Conn. 758, 762, 638 A.2d 601 (1994). The sole purpose of the land records is to give constructive notice to the world of instruments recorded therein. *Cowles* v. *Bacon*, 21 Conn. 451, 462–63, 56 A. 371 (1852). A fortiori, the purpose of recording a lis pendens on the land records is to give constructive notice to the world that an action is pending that may affect the title to the real property of the persons named therein. The majority decision in this case is not consistent with this purpose.

The danger of allowing et al. in lieu of a party's name is illustrated in a situation where A and B own property as cotenants. A foreclosure is commenced against the interests of both owners, but the lis pendens filed on the land records discloses only that the action is against "A et al." Town clerks are statutorily required to enter the names of all grantors in the grantor index. General Statutes § 7-25. For indexing purposes, the defendants in a foreclosure are treated as grantors. In this example, the town clerk will index the lis pendens in the grantor index solely under A's name. Consequently, the land records will fail to disclose that an action is pending that may affect B's title to the property.

To say that an interested party may go to the courthouse and obtain further information from the writ, summons and complaint, furnishes an empty remedy. Because B's name does not appear in the grantor index, a person interested only in B is not put on notice that there is any reason to repair to the courthouse for further information. The same concern affects the interests of subsequent encumbrancers whose interests are concealed sub nom. et al.

"It has always been the policy of our law that the land records should be the authentic oracle of title on which a bona fide purchaser or attaching creditor might safely rely." *Safford* v. *McNeil*, 102 Conn. 684, 687, 129 A. 721 (1925). "Indeed the whole system of registering deeds of land would become of no value if a purchaser could not rely upon the records as he finds them." *Kinney* v. *Whiton*, 44 Conn. 262, 270, 26 A. 462 (1877).

The issue here is quite different from that considered by our Supreme Court when this case was before it in *First Constitution Bank* v. *Harbor Village Ltd. Partnership*, 230 Conn. 807, 646 A.2d 812 (1994). The sole question considered then by our Supreme Court was whether a properly recorded and indexed mechanic's lien with a missing property description could give constructive notice to the world of its existence. The majority answered that question in the affirmative, reasoning that a properly recorded and indexed mechanic's lien would direct a title searcher to the proper court where the property description would be available in the writ, summons and complaint.

In this decision, we move on to the question of whether the lis pendens was properly recorded and indexed. In my opinion, it could not be properly indexed because it did not contain sufficient information (i.e., names of all the parties) for the town clerk to index it in the grantor index under each defendant. The example given demonstrates that the absence of indexing under the name of a party hidden under the et al. would not lead a title searcher to a courthouse.

The defendant Fairfield Dock Company, Inc.,[1] confuses a lis pendens with a pleading in a lawsuit.

---

[1] This appeal arose from a determination of priorities in which the validity of the interest of the defendant Fairfield Dock Company, Inc., as a subsequent encumbrancer was questioned because of a possibly invalid lis pendens.

Although et al. is accepted lawyer shorthand for use in the caption of a pleading to indicate the existence of additional parties, there is no authority for using it as a shorthand substitute in a statutory instrument that mandates including the names of the parties.

The trial court held that "to invalidate a mechanic's lien because of a failure to place the name of the defendant in the caption of the case, instead of using the phrase 'et al.,' constitutes splitting hairs for which no purpose has been advanced . . . ."[2] I might be inclined to agree with the trial court if the problem were that the et al. appeared only in the caption of the lis pendens and the names of all the parties were listed in the body of the lis pendens. That is not the case here, however. Here, the names of numerous parties are missing, not only from the caption, but also from the body of the lis pendens.

Because it does not comply with the statute, it is my opinion that the lis pendens in this case is invalid. This invalidity, however, does not affect the outcome of the appeal because the plaintiff acknowledges actual notice of the pendency of the action. See footnote 5 of the majority opinion.

---

[2] Our immediate concern here is the validity of the lis pendens and not the validity of the underlying mechanic's lien.