[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JANUARY 17, 1997
On October 2, 1996, the plaintiffs, Stuart Rosenberg and William McCarthy, filed an amended one-count complaint against the defendants, Harold Winer and Mary Patricia Winer, seeking to foreclose on a judgment lien. The plaintiffs allege in their complaint that the judgment lien was filed on property owned by Harold Winer on the Fairfield Land Records on March 3, 1992, and corrected on March 12, 1992. The plaintiffs further allege in their complaint that a lis pendens in favor of Mary Patricia Winer was recorded on the Fairfield Land Records on November 4, 1981. CT Page 674-O
On October 2, 1996, the plaintiffs filed a motion for determination of priorities in the subject property. The plaintiffs filed a memorandum of law in support of their contention that the lis pendens in favor of Mary Patricia Winer does not give her priority over the plaintiffs. Mary Patricia Winer filed a memorandum in opposition on November 8, 1996.
The plaintiffs state that Mary Patricia Winer filed the November 4, 1981 lis pendens in connection with her dissolution of marriage action against Harold Winer. The plaintiffs contend that the dissolution action was concluded by a monetary award of $350,000 to Mary Patricia Winer, to be realized out of the sale of the property, but that such award does not constitute a lien on the property. The plaintiffs further allege that because Mary Patricia Winer did not take steps to enforce her judgment, any rights she has in the property are inferior to those of the plaintiffs. Mary Patricia Winer responds that the lis pendens filed gave notice of the pending action and served to protect the judgment rendered in that action.
"A notice of lis pendens is appropriate where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself . . . A lis pendens is a creature of statute and a person invoking its CT Page 674-P provisions must comply with the statutory requirements . . . `Nevertheless, the provisions of the statute should be liberally construed to implement reasonably and fairly its remedial intent of giving notice of claims pertaining to the real property which is the subject of the litigation.'" (Citations omitted.) FirstConstitution Bank v. Harbor Village Ltd. Partnership,37 Conn. App. 698, 703 657 A.2d 1110, cert. denied, 235 Conn. 902,665 A.2d 901 (1995). "[A] notice of lis pendens ensures that the [litigant's] claim cannot be defeated by a prejudgment transfer of the property . . . [T]he lis pendens procedure provides security for payment of the claim pending final resolution of the case." Dunham v. Dunham, 217 Conn. 24, 34, 584 A.2d 445 (1991), overruled on other grounds; Santopietro v. New Haven,239 Conn. 207, 213 (1996).
"General Statutes § 52-325 (a) states that a notice of lis pendens may be filed by a party to an action that is `intended to affect real property.' Actions `intended to affect real property' are defined by § 52-325 (b) as follows `(1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action CT Page 674-Q may be other than to affect the title of such real property.'" (Footnote omitted.) Garcia v. Brooks Street Associates,209 Conn. 15, 21-22, 546 A.2d 275 (1988). "Where . . . a party to a pending action seeks only monetary damages that will not affect the title of the real estate owned by an adverse party, a notice of lis pendens is properly discharged as it no longer serves its purpose, which is to put potential buyers or creditors of its owners on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property." Id., 22. "The doctrine underlying lis pendens is that a person who deals with property while it is in litigation does so at his peril . . . [I]f the power of the courts to determine the rights of the parties to real property could be defeated by its transfer, [during the pendency of litigation], to a purchaser without notice, additional litigation would be spawned and the public's confidence in the judicial process could be undermined."First Constitution Bank v. Harbor Village Ltd. Partnership,supra, 37 Conn. App. 704.
In an action for dissolution of marriage, General Statutes § 45b-80 provides in pertinent part that "if either party claims an interest in real property in which the other party has an interest, either spouse may cause a notice of lis pendens to be recorded . . . Such notice shall, from the time of recording only, be notice to any person thereafter acquiring any interest CT Page 674-R in such property of the pendency of the complaint. Each person whose conveyance or encumbrance is subsequently executed or subsequently recorded or whose interest is thereafter obtained by descent or otherwise, shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the recording of such notice, to the same extent as if he were made a party to the complaint. A notice of lis pendens recorded in accordance with this section may be discharged by the court upon substitution of a bond with surety in an amount established by the court if the court finds that the claim against the spouse can be satisfied by money damages."
The plaintiffs maintain that the award of $350,000 to Mary Patricia Winer by the court in the dissolution action constitutes money damages even though the court ordered that this amount be paid out of the proceeds realized from the sale of the property in question. However, "[a] tort action, the purpose of which is to redress a legal wrong by an award of damages, is not based on the same underlying claim as an action for dissolution, the purpose of which is to sever the marital relationship, to fix the rights of the parties with respect to alimony and child support, and to divide the marital estate . . . [T]he division of marital property is intended to recognize and equitably recompense the contributions of the parties to the marital partnership. "Delahunty v. Massachusetts Mutual Life Ins Co., 236 Conn. 582, CT Page 674-S 592-93, 674 A.2d 1290 (1996). "[T]he purpose of property division is to unscramble the ownership of property, giving to each spouse what is equitably his." Werblood v. Birnbach, 41 Conn. App. 728,735, 678 A.2d 1 (1996). "Section 46b-81(a) provides in pertinent part that in a dissolution action, the court `may assign to either the husband or wife all or any part of the estate of the other.' The estate, as referred to in the statute, `comprehends the aggregate of the property . . . of each.'" Tyc v. Tyc,40 Conn. App. 562, 565, 672 A.2d 526, cert. denied, 237 Conn. 916,676 A.2d 398 (1996).
Consideration of the unique characteristics of an action for dissolution of marriage make it clear that the $350,000 awarded to Mary Patricia Winer, to be satisfied out of the sale of the property, cannot be considered merely a monetary judgment, but rather her equitable interest in the property. Mary Patricia Winer recorded her lis pendens over ten years before the plaintiffs recorded their judgment lien. Although a lis pendens is not the equivalent of a lien, the plain language of § 46b-30
provides that any encumbrancer whose interest is recorded after the lis pendens shall be deemed a subsequent encumbrancer. The lis pendens was neither discharged nor was a bond with surety substituted for it as permitted by § 46b-80. Accordingly, the interest of Mary Patricia Winer in the property, by virtue of her prior recorded lis pendens, is senior to that of the plaintiffs. CT Page 674-T
WEST, J.