[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9477
This case involves the validity of a mechanic's lien. The plaintiff is TFF Property Development, LLC., owner of property located at 2 Frank Street, Norwalk. On January 8, 1998, the defendant, Levco Tech, Inc., placed a mechanic's lien on this property in the amount of $334.40 for services rendered and materials furnished at the above address, consisting of delivering fuel oil and cleaning up an oil spill.
The plaintiff has moved to discharge this lien pursuant to General Statutes § 49-35a on the basis that the defendant failed to give proper notice of the filing of the lien. General Statutes § 49-34 provides that in addition to filing a certificate of lien with the town clerk, the lienor must also serve "a true and attested copy of the certificate upon the owner of the building, lot or plot" in the same manner as set forth in General Statutes § 49-35. This latter statute provides that if the owner resides in the same town in which the property is located service must be by a sheriff, other proper officer, or indifferent person making either personal or abode service. If the owner does not reside in the same town, and also has no agent within such town, then service may be made by a sheriff, other officer, or indifferent person mailing a true and attested copy of the certificate to the owner by registered or certified mail to the place where the owner resides.
In the present case, the office of the owner, TFF Property Development, LLC., is located in the same town, Norwalk, as the property in issue. The defendant itself sent a certified letter to the law firm, Fiore and Fiore, located in Norwalk, whose partners, Messrs. Fiore and Fiore, along with a Mr. Tropha, comprise the members of TFF Property Development, LLC. The certificate of lien was not served by personal or abode service by a sheriff, other officer, or indifferent person as required by General Statutes § 49-35.
The court is cognizant of First Constitution Bank v. HarborVillage Ltd. Partnership, 230 Conn. 807, 816, 646 A.2d 812, on remand, 37 Conn. App. 698, 657 A.2d 1110 (1994), where the phrase "liberal" was applied to the construction of a mechanic's lien. That case, however, involved a missing property description in the recorded notice, not a complete failure to serve the certificate of lien as required by statute. Thus, this case should be resolved as stated in J.C. Penny Properties Inc. v.CT Page 9478Peter Santella Co., 210 Conn. 511, 514, 555 A.2d 990 (1989) ("Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the [mechanic's lien] statute").
Accordingly, the plaintiff's application to discharge the mechanic's lien filed by the defendant is granted.
So Ordered.
Dated at Stamford, Connecticut, this 24 day of July, 1998.
William B. Lewis, Judge