[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THE DEFENDANT'S MOTION TO DISMISS
On August 16, 2000, the plaintiff, Stoneridge Development, LLC, filed a complaint against the defendants, Scott and Andrea Martin, seeking to foreclose a mechanic's lien. The following facts are undisputed. On September 7, 1999, the plaintiffs recorded a certificate of mechanic's lien in the New Canaan land records against the real estate premises owned by the defendants. The plaintiff filed the lien to secure a balance unpaid by the defendants for the construction work performed on the premises. On September 10, 1999, the plaintiff served an attested copy of the certificate on the defendants.
On December 15, 2000, the defendants filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction over this action. Specifically, they argue that the plaintiff failed to record a CT Page 6332 notice of lis pendens within one year of its recordation of the mechanic's lien, in violation of General Statutes § 49-39, and the failure has discharged the lien as a matter of law.[1] The motion is supported by a memorandum of law and an affidavit of Joseph C. Sanfilippo, president of Attorneys Title Abstract Co., Inc., dated December 6, 2000. On January 24, 2001, the plaintiff filed a memorandum of law in opposition to the motion. The defendants submitted a supplemental memorandum of law, dated January 26, 2001, in reply to the plaintiffs memorandum.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 542, 590 A.2d 914 (1991). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Id., 544. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v.C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998). "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 728, 724 A.2d 1084 (1999).
General Statutes § 49-39 provides in part: "A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it . . . and records a notice of lis pendens in evidence thereof on the land records of the town in which the lien is recorded within one year from the date the lien was recorded. . . . Each such lien, after the expiration of the one-year period . . . without action commenced and notice thereof filed as aforesaid, shall be invalid and discharged as a matter of law."
It is not disputed that the plaintiff has failed to record a notice of us pendens within one year from the date of the recordation of its mechanic's lien on September 7, 1999.[2] It is not disputed either that the defendants had actual notice of the mechanic's lien. The defendants CT Page 6333 have not alleged that they have suffered any prejudice from the untimely recording of the notice of lis pendens. They have not alleged either that the untimely recording was done in bad faith or motivated by an ill intent.
The defendants argue that the untimely recording of the notice of lis pendens has discharged the mechanic's lien by the operation of §49-39, and therefore the court has no subject matter jurisdiction over this action to foreclose a discharged lien. They rely on H. G. BassAssociates, Inc. v. Ethan Allen, Inc., 26 Conn. App. 426, 601 A.2d 1040
(1992) (Bass), and two Superior Court decisions, Richard A. Banks Co. v.Bradley, Superior Court, judicial district of Stamford-Norwalk at Stamford (March 23, 1993, Lewis, J.), and Torrington Lumber Co. v.Hobson, Superior Court, judicial district of Litchfield at Litchfield (August 25, 1992, Pickett, J.) (7 C.S.C.R. 1101), for support of their argument that the failure to record a notice of lis pendens within the statutory time limit deprives the court of the jurisdiction to render judgment on the complaint.
The plaintiff does not dispute the defendants' construction of Bass but argues that the precedential value of Bass has been substantially, if not completely, "eroded" by the Supreme Court decision in First ConstitutionBank v. Harbor Village Ltd. Partnership, 230 Conn. 807, 646 A.2d 812
(1994), and its progeny, in particular, First Constitution Bank v. HarborVillage Ltd. Partnership, 37 Conn. App. 698, 657 A.2d 1110, cert. denied, 235 Conn. 902, 665 A.2d 901 (1995).
The defendants argue in their reply memorandum that the plaintiffs reliance on the appellate courts' decisions in First Constitution Bank is misplaced because the certificate of mechanic's lien (in the Supreme Court case) and the notice of lis pendens (in the Appellate Court case) were both filed within the statutory time limit and, therefore, pose no jurisdictional defect. The defendants argue that because those cases do not involve any discussion of § 49-39, their holdings are inapposite to the present case.
Prior to the Appellate Court's Bass decision, there had been a split of authorities among Superior Court judges as to whether the recording of the notice of lis pendens, at least within the time limit set by §49-39, is mandatory or merely directory. One line of cases held that the statutory requirement is merely directory on the ground that the actual notice on the part of the party seeking to invalidate a mechanic's lien may take the place of constructive notice imparted by the recording of a lis pendens. Meyer, Kasinodorf Mancino v. Lafayette Bank Trust Co.,34 Conn. Sup. 84, 377 A.2d 861 (1977) (Meyer); William Lee Son Builders v. Fentner, District Court, judicial district of Hartford-New Britain at CT Page 6334 Hartford, Docket No. 337065 (March 22, 1988, Allen, J.) (3 C.S.C.R. 378) (relying on Meyer); Sasso Tile Co. v. Goldblatt, District Court, judicial district of Ansonia-Milford at Milford, Docket No. 22025 (May 3, 1988,Kulawiz, J.) (3 C.S.C.R. 464) (same); W. G. Glenney Co. v. Hales, District Court, judicial district of Waterbury at Waterbury, Docket No. 103159 (November 5, 1991, Blue, J.) (6 C.S.C.R. 1108) (citing case law of other jurisdictions; holding that the contrary ruling would elevate form over substance and give defendant "a wholly unjustified windfall"). The other line of cases held the opposite view that the requirement is mandatory on the ground that the time limitation is jurisdictional.Visions Unlimited, Inc. v Multi Tech of New England, Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 45258 (December 12, 1991, McWeeney, J.) (7 C.S.C.R. 58); Putnam Plumbing Heating v. Hatrick, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 102157 (May 31, 1990, Lewis, J.) (1 Conn.L.Rptr. 684); Torrington Lumber Co. v. Hobson, supra, Superior Court, 7 C.S.C.R. 1101; Richard A. Banks Co., Inc. v.Bradley, supra, Superior Court, Docket No. 94968.
In H. G. Bass Associates, Inc. v. Ethan Allen, Inc., supra,26 Conn. App. 429, 432, the Appellate Court resolved the split in favor of the second line of decisions, holding that the time limitation on the recordation of the notice of us pendens under § 49-39 is a jurisdictional requirement. The plaintiff lienor in Bass had begun, through different counsel, two separate foreclosures of the same mechanic's lien. Id., 427-28. The recording of the us pendens was untimely as to the first action, but timely as to the second action. Id., 428. The second action was subsequently withdrawn and the lis pendens for the action was discharged. Id. It was undisputed that the defendant owner had actual notice of the mechanic's lien and the lawsuit commenced thereon. The plaintiff relied on Meyer, Kasinodorf Mancinov. Lafayette Bank Trust Co., supra, 34 Conn. Sup. 87, for the proposition that the defendant owner's actual notice should prevail over the constructive notice conferred by the filing of the notice of lis pendens. H. G. Bass Associates, Inc. v. Ethan Allen, Inc., supra,26 Conn. App. 429.
The Appellate Court rejected this argument, finding that the time limitation as to the lis pendens requirement "is not merely a limitation of the remedy, but is a limitation of the cause of action itself." Id. Relying on such cases as Diamond National Corp. v. Dwelle,164 Conn. 540, 325 A.2d 259 (1973), andPersky v. Puglisi, 101 Conn. 658,127 A. 351 (1925), the Appellate Court noted that the legislature, having created a right of action that did not exist at common law, specifically, the right to foreclose a mechanic's lien under § 49-39, CT Page 6335 is able to fix a time limit on its existence. H. G. Bass Associates,Inc. v. Ethan Allen, Inc., supra, 26 Conn. App. 429. "[T]he time fixed is a limitation or condition attached to the right; it is a limitation of the liability itself as created, and not of the remedy alone." Id., citing Diamond National Corp. v. Dwelle, supra, 164 Conn. 543. The Appellate Court concluded that the plaintiffs reliance on Meyer,Kasinodorf Mancino v. Lafayette Bank Trust Co., supra,34 Conn. Sup. 87, was misplaced because Meyer relied on a California statute that, unlike the Connecticut statute, stated no time limit on the recordation of the notice of lis pendens.[3] H. G. Bass Associates, Inc.v. Ethan Allen, Inc., supra, 26 Conn. App. 431. "The purpose of the lis pendens recordation requirement in Connecticut's mechanic's lien statute is not only to give constructive notice of the pending action but also to set time limit for the foreclosure of a mechanic's lien. . . ." Id., 432. Accordingly, the Appellate Court ruled that the notice of lis pendens timely recorded in a different case, subsequently withdrawn, did not satisfy the statutory requirement, and the trial court was without jurisdiction to render judgment for the plaintiff. Id.
It is clear from the Bass court's ruling that actual notice or lack of prejudice played no part in its decision. See D. Caron, Connecticut Foreclosures (3d Ed. 1997) § 13-02A, p. 357. In the wake of Bass
Superior Court decisions, including one from this court, have consistently held that the failure to record the notice of lis pendens within the statutory time limit is jurisdictionally fatal to the plaintiff's foreclosure action. See Achilles v. Clark, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159731 (September 9, 1997, Hickey, J.); Wildman v. Cook, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303979 (November 10, 1997, West, J.) (20 Conn.L.Rptr. 575).
The plaintiff now invites this court to deviate from the Appellate Court's express holding in Bass, claiming that the court has implicitly rethought its position as to whether untimely recordation of a notice of lis pendens necessarily discharges a mechanic's lien in FirstConstitution Bank v. Harbor Village Ltd. Partnership, supra,37 Conn. App. 698, decided upon remand from the Supreme Court and in the wake of the Supreme Court's own decision in First Constitution Bankv. Harbor Village Ltd. Partnership, supra, 230 Conn. 807.
In First Constitution Bank the Supreme Court reversed the Appellate Court's reversal of a trial court's upholding of the validity of a mechanic's lien where the lien contained no description of the property other than naming the town in which the property was located. The lien made reference to an "Exhibit A Attached," but no such exhibit was in CT Page 6336 fact annexed to the recorded lien. The Appellate Court noted that the requirement of General Statutes § 49-34 was not satisfied, one of which was that the premises be described.[4] First Constitution Bankv. Harbor Village Ltd. Partnership, 31 Conn. App. 15, 19, 622 A.2d 1063
(1993), rev'd, 230 Conn. 807. The Appellate Court ruled that lack of prejudice was irrelevant. Id. In addition, the court found that the omission was not excused by the fact that neither of the named property owners held title to any property other than the land at issue and a reasonable party searching the records would not be misled and could conclude that the mechanic's lien applied to that property. Id.
The Supreme Court disagreed, taking special note of the fact that the town clerk had properly noted the street location of the property in the indices, that the property descriptions, contained in the referenced Exhibit A, were affixed to the copies of the mechanic's lien certificate that were served on the property owners and also to the lis pendens relating the foreclosure of the lien, and that the property at issue was the only one owned by the named property owners. First Constitution Bankv. Harbor Village Ltd. Partnership, supra, 230 Conn. 813. Although recognizing that there are differences between mortgages and liens, the court nonetheless concluded that "[i]n both mortgage law and mechanic's lien law, the issue is whether the inadvertent mistake in recordation of a properly executed lien gave sufficient notice to put a title searcher on inquiry." Id., 821. The Supreme Court agreed with the trial court's conclusion that a reasonable party searching the records "would therefore conclude that a mechanic's lien could apply to all" of the stated owners' properties, and under the facts of the case, would not have been misled. Id., 821-22. Equally important to the court's decision is its distinction between situations in which the claim was intentionally false, or in which there was no attempt at all to comply with the statute, and the case in point, where the defect was the result of a good faith mistake. Id., 816-18. In the former instance, the lien would be declared void, but its validity should be upheld in the latter instance. Id.
Upon remand from the Supreme Court on the remaining issues, the Appellate Court issued fits second opinion in First Constitution Bank v.Harbor Village Ltd. Partnership, supra, 37 Conn. App. 698, regarding the priority of a mechanic's lien over a mortgage. The Appellate Court affirmed the trial court's determination that the mechanic's lien was not invalid because the lienor had failed to name the parties to its lien foreclosure in the lis pendens, as required under General Statutes § 52-325.[5]
The plaintiff mortgagee, which contested the priority of the mechanic's lien over its mortgage, claimed that because the lienor's notice of lis pendens named only the mortgagee and omitted subsequent encumbrancers, it was plainly defective and therefore invalid, resulting in a corresponding extinguishment, as a matter of law, of the mechanic's lien. Id., 702. The CT Page 6337 lis pendens, unlike the one is this case, was timely recorded.
The Appellate Court disagreed with the mortgagee's argument, stressing that even though a us pendens is a creature of statute, its provisions "should be liberally construed to implement reasonably and fairly its remedial intent of giving notice of claiming pertaining to the real property which is the subject of the litigation." Id., 703. The court quoted with approval the following language from Meyer, Kasinodorf Mancino v. Lafayette Bank Trust Co., supra, 34 Conn. Sup. 86-87, previously rejected by the court as "inapposite" in H. G. Bass, Inc. v.Ethan Allen, Inc., supra, 26 Conn. App. 431-32: "The purpose of the lis pendens in the context of a mechanic's lien is the same as it is in any other situation in which real property is the subject of litigation; namely, it is intended to give constructive notice to persons seeking to purchase or encumber property after the recording of a lien or the commencement of a foreclosure suit. . . . Thus, if a person has actual notice of the lien and a suit commenced thereon, that actual notice may take the place of constructive notice imparted by the filing of a lis pendens. . . . To hold otherwise would exalt constructive notice over actual notice." (Internal quotation marks omitted.) First ConstitutionBank v. Harbor Village Ltd. Partnership, supra, 37 Conn. App. 703-704
The Appellate Court affirmed the validity of the mechanic's lien on the grounds of actual notice and lack of prejudice. "Since the filing of notice of lis pendens is not a condition precedent "to a right of action; Meyer, Kasinodorf A'fancino v. Lafayette Bank Trust Co., supra, 34 Conn. Sup. 87; and since the plaintiff [mortgagee], or its predecessor, had actual notice of the action for foreclosure of the mechanic's lien, [the mechanic's lien] is not invalid to this plaintiff. The plaintiff suffered no prejudice even if the notice of lis pendens did not "contain the names of the parties.' [W]here the mistake was made in good faith and no resulting prejudice was claimed, "we do not think a court of equity can be called upon to declare [a] lien utterly void upon the motive of person who have lost nothing by [the] mistake." FirstConstitution Bank v. Harbor Village Ltd. Partnership, supra,230 Conn. 816. Because the plaintiff can show no prejudice, even if the notice of lis pendens should be invalid, its application to discharge the defendant's mechanic's lien on this basis was properly denied." (Internal quotation marks omitted.) First Constitution Bank v.Harbor Village Ltd. Partnership, supra. 37 Conn. App. 704-705.
Replying on the above language and the court's apparent adoption of the reasoning of Meyer, Kasinodorf Mancino v. Lafayette Bank Trust Co., supra, 34 Conn. Sup. 86-87, which is factually similar to this case, the plaintiff in this case argues that the mechanic's lien is not invalid because it is not disputed that the defendants have actual notice of the CT Page 6338 mechanic's lien and the lawsuit commenced thereon and because the actual notice can take the place of constructive notice imparted by the lis pendens. See First Constitution Bank v. Harbor Village Ltd. Partnership, supra, 37 Conn. App. 704-705; see also id., 708 (O'Connell, J., concurring) (dissenting from the majority's analysis but concurring in the result because the mortgagee had actual notice).
The question is whether the Appellate Court's reliance on Meyer inFirst Constitution Bank implies that the court has modified or reversed its position in Bass as the plaintiff would have us believe it. Even though it is confusing for the Appellate Court to rely on a trial court's decision in First Constitution Bank that it had previously rejected inBass and give no explanation for the disparate treatment, this court is not convinced that First Constitution Bank has modified the holding ofBass in any way because the holdings of the two cases are distinct. Bass
holds that the recording of a lis pendens within the one year limit is a jurisdictional requirement, while First Constitution Bank holds that actual notice may take the place of constructive notice imparted by a notice of lis pendens, which in that case was facially defective but timely recorded. First Constitution Bank does not hold that actual notice may excuse the failure to record the notice of lis pendens within the statutory time limit. Even though the Appellate Court agrees with Meyer
that "the filing of notice of lis pendens is not a condition precedent to a right of action"; First Constitution Bank v. Harbor Village Ltd.Partnership, supra, 37 Conn. App. 704; the court significantly does not cite or quote Meyer's view that the failure to file the notice of lis pendens within the statutory time limit does not "go to the jurisdiction of the court." Meyer, Kasinodorf Mancino v. Lafayette Bank TrustCo., supra, 34 Conn. Sup. 87.[6] The holdings of Bass and First Constitution Bank are not mutually inconsistent.
The Appellate Court's reliance on Meyer in First Constitution Bank, though confusing, does not indicate by itself that the court has impliedly overruled its Bass holding. The court quotes Meyer for the general proposition that actual notice may take the place of constructive notice imparted by the recording of a lis pendens. First ConstitutionBank v. Harbor Village Ltd. Partnership, supra, 37 Conn. App. 703-704. At the time of the Bass decision, there were no appellate authorities in Connecticut case law for the above proposition, and that may explain for Appellate Court's reliance on Meyer for the proposition. That general proposition, however, does not stand for the particular ruling in Meyer
that actual notice may take the place of constructive notice even if the lis pendens was not timely filed. The fact that the notice of lis pendens in First Constitution Bank was timely recorded distinguishes that case from Meyer and this case and makes the holding of that case inapposite to this case. In addition, the statute at issue in that case was § CT Page 633952-325, rather than § 49-39. Therefore, the Appellate Court's reliance on Meyer in First Constitution Bank, though curious, is not dispositive of the issue in this case.
As pointed out by Bass, the time limitation on the recording of a notice of lis pendens is a limitation on the right to a mechanic's lien, which did not exist at common law but was created by statutes. DiamondNational Corp. v. Dwelle, supra, 164 Conn. 543; H. G. Bass Associates,Inc. v. Ethan Allen, Inc., supra, 26 Conn. App. 429. The legislature may set a time limit to the term of the existence of a right that it created. Persky v. Puglisi, supra, 101 Conn. 666; H. G. Bass Associates,Inc. v. Ethan Allen, Inc., supra, 26 Conn. App. 429. The language of § 49-39, especially the use of the words "shall" and "and" therein, is clear and unambiguous that "the party seeking to foreclose the lien must, within one year from the date is recorded, (1) commence an action to foreclose the lien, and (2) record a notice of lis pendens." (Emphasis added.) H. G. Bass Associates, Inc. v. Ethar, Inc., supra,26 Conn. App. 430. The use of the word "shall" in the language of the statute "connotes that the performance of the statutory requirements is mandatory rather than permissive. Caulkins v. Petrillo, 200 Conn. 713,717, 513 A.2d 43 (1986). "When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . Indeed, [a] basic tenet of statutory construction is that when a statute . . . is clear and unambiguous, [generally] there is no room for construction.
(Internal quotation marks omitted.) Mattatuck Museum-MattatuckHistorical Society v. Administrator, Unemployment Compensation Act,238 Conn. 273, 279, 679 A.2d 347 (1996). Therefore, the failure to record a notice of lis pendens within the time limit set by the statute discharges the mechanic's lien by the operation of the statute.
Furthermore, it is not always correct to assume that actual notice may take the place of constructive notice, even where there is no prejudice to an individual party and no ill intent in the failure to impart constructive notice. The Supreme Court has distinguished personal notice from public notice and held that actual notice may take the place of constructive notice if the notice at issue is directed to specific individuals, but not if it is aimed at the public. Lauer v. ZoningCommission, 220 Conn. 455, 460-63, 600 A.2d 310 (1991); Schwartz v.Hamden, 168 Conn. 8, 14-15, 357 A.2d 488 (1975).[7] "Failure to give personal notice to a specific individual is not a jurisdictional defect" because "lack of personal notice may be waived by the party entitled to it.' (Internal quotation marks omitted.) Lauer v. Zoning Commission, supra, 220 Conn. 462. "Therefore, if a person has actual notice of a hearing, the failure to give mailed notice does not frustrate the purpose CT Page 6340 of the notice provision." Id. "The purpose of publishing notice to the general public, however, is to notify, by means of legal advertisements, as much of the population as possible of contemplated zoning actions. . . . In the absence of newspaper publication, unknown individuals with an interest in zoning matters would have no way of learning what zoning decisions were being contemplated. Failure to provide such notice deprives the administrative tribunal of subject matter jurisdiction even when the complaining party appeared at the public hearing since the legislative intent to notify the public constructively would otherwise be frustrated. . . . Thus, what is required is not actual notice, but, rather, constructive notice." (Citations omitted; internal quotation marks omitted.) Id. "Strict compliance with statutory mandates regarding notice to the public is necessary"; Koskoff v. Planning ZoningCommission, 27 Conn. App. 443, 447, 607 A.2d 1146, cert. granted,222 Conn. 912, 608 A.2d 695 (1992) (appeal withdrawn November 10, 1992); "[f]ailure to give proper notice constitutes a jurisdictional defect."Slagle v. Zoning Board of Appeals, 144 Conn. 690, 693. 137 A.2d 542
(1957).
While the rational of the notice requirement for the publication of pending zoning decisions, discussed in the cited Supreme Court cases, may not be the same as that for the publication of a pending foreclosure of a mechanic's lien, this court notes that the notice requirement in §49-39 is at least public in nature. "[T]he purpose of recording a lis pendens on the land records is to give constructive notice to the world that an action is pending that may affect the title to the real property of the persons named therein." First Constitution Bank v. Harbor VillageLtd. Partnership, supra, 37 Conn. App. 706 (O'Connell, J., concurring). While the defendants in this case had actual notice of the mechanic's lien and the lawsuit commenced thereon, the rest of the world did not have any notice of the pending lawsuit, actual or constructive, within the first anniversary of the recording of the lien. Where the interests of bona fide purchasers and attaching creditors are at stake, the legislature requires constructive notice to the world of a pending lawsuit commenced on a mechanic's lien that has not reached final judgment within the first year of recording of the lien. "Any mechanic's line which has expired because of failure to comply with the time limitations of section 49-39 is automatically extinguished and the continued existence of the lien unreleased of record in way affects the record owner's title nor the marketability of the same." General Statutes § 49-40a. Where the one year limit has run, actual notice that some individual parties may have is not sufficient. "It has always been the policy of our law that the land records should be the authentic oracle of title on which a bona fide purchaser or attaching creditor might safely rely." Safford v. McNeil, 102 Conn. 684, 687, 129 A. 721 (1925). CT Page 6341
The reasonable or substantial compliance standard, reiterated in FirstConstitution Bank v. Harbor Village Ltd. Partnership, supra,230 Conn. 815-18, is unavailing to the plaintiff because of its total noncompliance with the requirements of § 49-39. There may have been reasonable compliance if the plaintiff had recorded a notice of lis pendens within the statutory time limit but the notice had some facial defects. The plaintiff has simply failed to comply with the statutory requirement. "[T]he principles that guide our interpretation of mechanic's lien legislation are well settled. Although this legislation creates a statutory lien in derogation of the common law . . . its remedial purpose to furnish security for a contractor' labor and materials requires a generous construction. . . . Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the statute." (Internal quotation marks omitted.) J.C. PenneyProperties, Inc. v. Peter M. Santella Co., 210 Conn. 511, 514,555 A.2d 990 (1989).
Because the mechanic's lien has ceased to exist, there is nothing for the plaintiff to foreclose. The court is without jurisdiction to render judgment on the complaint because of the jurisdictional defect. H. G.Bass Associates, Inc. v. Ethan Allen, Inc., supra, 26 Conn. App. 432. Therefore, "the plaintiff cannot as a matter of law or fact state a cause of action that should be heard by the court." (Emphasis in original.)Gurliacci v. Mayer, supra, 218 Conn. 544. The defendants' motion to dismiss is hereby granted.[8]
 _____________________ HICKEY, JUDGE