## VICTORIA E. TYC *v.* JOSEPH W. TYC
## (13968)

Foti, Lavery and Heiman, Js.

Argued January 10—decision released March 12, 1996

*William J. Shea,* for the appellant-appellee (defendant).

*Richard B. Grabow,* for the appellee-appellant (plaintiff).

FOTI, J. The defendant appeals from a judgment of dissolution challenging the trial court's distribution of marital property. The defendant claims that the trial court improperly awarded the plaintiff a share in his workers' compensation specific indemnity award as part of the marital estate subject to assignment pursuant to General Statutes § 46b-81. In the alternative, the defendant claims that, if the award was proper as part of the marital estate, then the trial court improperly failed to consider the mandatory standards pursuant to § 46b-81 (c). The defendant also claims that if this specific indemnity award is assignable, then only that portion covering the period of the marriage is assignable. By way of cross appeal, the plaintiff claims that the trial court improperly (1) excluded future workers' compensation benefits from the marital estate and (2) failed to include benefits awarded, but subject to appeal, or failed to award $1 per year periodic alimony in the event the benefits were properly excluded. The

plaintiff also claims that the trial court improperly failed to award child support if the specific indemnity award is excludable from the marital estate. We affirm the judgment of the trial court on the appeal, but reverse on the cross appeal.

The parties were married in South America in 1981. Two minor children are the sole issue of the marriage. The marriage broke down primarily because of the excessive drinking and abusive behavior of the defendant. The plaintiff's income was minimal. The defendant suffered heart attacks in 1988 and 1992. The defendant, at the time of the dissolution, claimed that he had no means to support himself. The parties had accumulated no estate, and at the time of the dissolution the defendant had been given a workers' compensation specific indemnity award for a 40 percent loss of heart muscle due to a work-related heart attack. The award was for 312 weeks at $596.96 per week. The court awarded custody of the two minor children to the plaintiff, and as part of the dissolution decree awarded the plaintiff a 40 percent share in the defendant's award.[1] The court declined to include in the marital estate any benefits from the workers' compensation award that might result from an appeal, or for future benefits, concluding that the marital estate had to be determined as of the date of judgment.

## THE APPEAL

We agree, as a matter of first impression, that the defendant's specific indemnity award may properly be included as part of the marital estate and subject to assignment pursuant to § 46b-81. While the parties have proposed different approaches to determine whether all or any of a workers' compensation award is property subject to a dissolution proceeding,[2] we deem it unnec-

---

[1] The award was approximately $183,000.

[2] The different approaches are termed mechanistic, unitary, analytic and case-by-case.

essary to discuss or to adopt any of the approaches, as we conclude that our statutory scheme is sufficient to permit such a determination.

Section 46b-81 (a) provides in pertinent part that in a dissolution action, the court "may assign to either the husband or wife all or any part of the estate of the other." The estate, as referred to in the statute, "comprehends the aggregate of the property . . . of each." *Schmidt* v. *Schmidt,* 180 Conn. 184, 192, 429 A.2d 470 (1980); see *North* v. *North,* 183 Conn. 35, 39, 438 A.2d 807 (1981). The trial court found that the award to the defendant, at that time being held in escrow, was $102,369.76. The language of § 46b-81 is sufficiently broad to authorize the trial court to enter the order it did here, in that the award was part of the "estate" of the defendant and, as such, an asset to which the court could exercise its power of distribution. "A trial court is accorded wide discretion in determining the proper allocation of the assets of the parties in a dissolution proceeding." *Wolf* v. *Wolf,* 39 Conn. App. 162, 164, 664 A.2d 315 (1995). In the exercise of its discretion, the court concluded that to exempt the total award would be unfair. Sitting as a court of equity, the trial court has broad discretion in determining the marital estate and in equitably distributing that property in compliance with § 46b-81. "In fixing the nature and value of the property . . . to be assigned, the court . . . shall consider the length of the marriage, the causes for the . . . dissolution . . . the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs . . . and the opportunity of each for future acquisition of capital assets and income. . . ." General Statutes § 46b-81 (c). "This approach to property division is commonly referred to as an 'all-property' equitable distribution scheme. . . . It does not limit, either by timing or method of acquisition or by source of funds, the prop-

erty subject to a trial court's broad allocative power." (Citation omitted.) *Krafick* v. *Krafick*, 234 Conn. 783, 792, 663 A.2d 365 (1995). Our Supreme Court has given a broad interpretation to the term property and has construed it in a manner consistent with the purpose of our equitable distribution statute. Id., 795. We conclude that the trial court properly determined that the specific indemnity workers' compensation award, as part of the marital estate, could be considered property within the ambit of § 46b-81.

The defendant alleges that the trial court did not consider the mandatory standards set forth in § 46b-81 in assigning a portion of that estate.

While the trial court is required to consider all the enumerated statutory factors, it need not give equal weight to each factor or recite the statutory criteria that it considered or make express findings as to each. *Siracusa* v. *Siracusa*, 30 Conn. App. 560, 567, 621 A.2d 309 (1993). Our review of the record reveals that the trial court considered all of the required factors including the length of the marriage, the cause of the breakdown, the parties' employment history, occupations, income and the opportunity for each to acquire future assets and income. The court also considered the general health and contribution of each to the marital estate. The memorandum of decision reflects a proper consideration and weighing of the factors as set forth in the statute. *Miller* v. *Miller*, 22 Conn. App. 310, 314, 577 A.2d 297 (1990).

## THE CROSS APPEAL

The plaintiff alleges on her cross appeal that the trial court improperly excluded future workers' compensation benefits from the marital estate. We agree.

The trial court found that the plaintiff was entitled to a share in the defendant's estate consisting of the

moneys that were being held in escrow, plus the balance due on the specific award. The court awarded the plaintiff 40 percent of both the escrow held and the amount to be received as the balance due. The court noted that the amount of the award was challenged on appeal by the defendant and that "[i]t is speculative as to whether the appeal will be successful. If it is, the award would have to be increased postjudgment and, therefore, will not be considered by the court for the purpose of the lump sum alimony award, the marital estate being determined as of the date of judgment."[3]

"The terms 'estate' and 'property,' as used in the statute, connote presently existing interests. 'Property' entails 'interests that a person has already acquired in specific benefits.' *Board of Regents* v. *Roth*, 408 U.S. 564, 576, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972) . . . ." (Citation omitted.) *Rubin* v. *Rubin*, 204 Conn. 224, 230–31, 527 A.2d 1184 (1987). The issue is whether future benefits paid under a claim, filed pursuant to General Statutes § 31-308a,[4] are an existing inter-

---

[3] Property distributions, unlike alimony awards, cannot be modified to alleviate hardships that may result from enforcement of the original decree. *Rubin* v. *Rubin*, 204 Conn. 224, 232, 527 A.2d 1184 (1987).

[4] General Statutes § 31-308a provides: "(a) In addition to the compensation benefits provided by section 31-308 for specific loss of a member or use of the function of a member of the body, or any personal injury covered by this chapter, the commissioner, after such payments provided by said section 31-308 have been paid for the period set forth in said section, may award additional compensation benefits for such partial permanent disability equal to seventy-five per cent of the difference between the wages currently earned by an employee in a position comparable to the position held by such injured employee prior to his injury, after such wages have been reduced by any deduction for federal or state taxes, or both, and for the federal Insurance Contributions Act in accordance with section 31-310, and the weekly amount which such employee will probably be able to earn thereafter, after such amount has been reduced by any deduction for federal or state taxes, or both, and for the federal Insurance Contributions Act in accordance with section 31-310, to be determined by the commissioner based upon the nature and extent of the injury, the training, education and experience of the employee, the availability of work for persons with such physical condition and at the employee's age, but not more than one hundred per cent, raised

est[5] includable as part of the marital estate. We agree they are such an existing interest.

In failing to consider the defendant's § 31-308a claim as part of the marital estate, the court excluded a significant unliquidated award, the defendant's recovery for loss of earning capacity. The exclusion of the § 31-308a claim is contrary to the purpose of § 46b-81, which requires an equitable distribution. A claim under § 31-308a is susceptible to valuation and is not a mere expectancy. Expectancy describes the interest of a person who merely foresees that he might receive a future benefit; the defining characteristic of an expectancy is that its holder has no enforceable right to his benefit. *Krafick* v. *Krafick*, supra, 234 Conn. 797.

While a claim under § 31-308a is separate and distinct from specific indemnity benefits awarded pursuant to General Statutes § 31-308, and while § 31-308a benefits are not available until specific indemnity benefits are exhausted, such benefits constitute a presently existing interest. We do not agree with the defendant's argument that "property" entails only interests that a person has

to the next even dollar, of the average weekly earnings of production and related workers in manufacturing in the state, as determined in accordance with the provisions of section 31-309. If evidence of exact loss of earnings is not available, such loss may be computed from the proportionate loss of physical ability or earning power caused by the injury. The duration of such additional compensation shall be determined upon a similar basis by the commissioner, but in no event shall the duration of such additional compensation exceed the lesser of (1) the duration of the employee's permanent partial disability benefits, or (2) five hundred twenty weeks. Additional benefits provided under this section shall be available only to employees who are willing and able to perform work in this state.

"(b) Notwithstanding the provisions of subsection (a) of this section, additional benefits provided under this section shall be available only when the nature of the injury and its effect on the earning capacity of an employee warrant additional compensation."

[5] At the time of the dissolution proceeding the defendant had not received an award for the statutory benefit under § 31-308a, although the basis for such a claim had been established.

already acquired in specific benefits. As our Supreme Court has recently stated in construing § 46b-81, property is defined "as the term 'commonly used to denote everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal; everything that has an exchangeable value or which goes to make up wealth or estate. It extends to every species of valuable right and interest, and includes real and personal property, easements, franchises, and incorporeal hereditaments.' " Id., 794.

The trial court also excluded from its consideration any benefits awarded or confirmed on appeal as speculative. For the reasons discussed previously, we conclude that such benefits are a presently existing interest subject to distribution. This property interest was not a mere expectancy and should not have been removed from consideration in determining an equitable division.

Because we conclude that the court's marital property distribution orders were improper in part, it is necessary to remand the case for reconsideration of all the financial matters. The orders are interwoven and constitute a " 'carefully crafted mosaic' "; *Michel* v. *Michel*, 31 Conn. App. 338, 341, 624 A.2d 914 (1993); "[w]hen we disrupt a single tile in this mosaic, we place in doubt the propriety of other financial orders that the trial court may have deemed equitable in relation to the entire distribution scheme." *Wolf* v. *Wolf*, supra, 39 Conn. App. 174.

The judgment is affirmed as to the dissolution of the marriage and the orders granting custody of the minor children and rights of visitation; the judgment is reversed on the cross appeal as to all financial matters and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.