[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 18, 1997
The plaintiff husband, d.o.b. 9/10/48, and the defendant wife. d.o.b. 3/30/45, whose birth name is Friedman, married on May 6, 1967 in Stamford, Connecticut. The plaintiff was then a member of the U.S. Marine Corps, and the defendant wife was working as a secretary. The plaintiff returned to Vietnam where he participated in extensive engagements with the enemy, earning several decorations, eventually being returned to the U.S.A. as a result of war wounds. Several months later the plaintiff was discharged. The parties then lived with the defendant's parents for six months. They then moved to an apartment. CT Page 2698
The parties have two daughters, both adults.
The plaintiff obtained a G.E.D., his high school diploma, while in the Marines. He began employment with Polycast where he progressed to a point where he was a candidate for General Manager after four years. When he was denied this promotion, he resigned.
He started his own business, Excel Tree Service, using a V.A. guaranteed loan for the initial investment in equipment. The business prospered for almost ten years, until 1977.
After the birth of their second child the parties had acquired a house, with financial help received from the defendant's parents for the down payments.
Beginning in about 1977 the plaintiff began to drink heavily and paid less and less attention to the business. Throughout the defendant was an integral part of the business, maintaining the records, making appointments, billing customers and organizing the crew work when plaintiff failed to do so.
By 1981 the plaintiff first asked for a divorce, filing a complaint (Plaintiff's Exhibit #11) but not pursuing it.
The parties reconciled. The business was sold, the home was sold, and the parties moved to Pennsylvania, where the plaintiff went to work as a tree surgeon. The defendant worked part-time. After six months the plaintiff returned to Connecticut and resumed a liaison with another woman that he had an affair with prior to moving to Pennsylvania. He was now using cocaine as well as alcohol.
The plaintiff has been diagnosed as having a "post traumatic stress disorder — chronic" service connected for which he was found to be 100% disabled and entitled to VA award (Plaintiff's Exhibit #2). Although separated from his wife and family, he did return home for short periods on a sporadic basis. When in need of patient care, he turned to the defendant for help which was always given. He also contributed to his family's support but had to be asked each time. His work record was erratic, and his behavior continued to be erratic. He sought in-patient treatment at the VA Lebanon Penna facility for he was able to relate to a counselor at that facility. He was hospitalized from 12/8/88 to CT Page 2699 1/17/89, after what the plaintiff admitted was behavior characterized as "three years of madness" involving drugs, three arrests for assaults, one arrest for conspiracy to sell cocaine, the latter resulting in five years probation. After his hospitalization he went through rehab for eight months.
He returned to construction work in New York. On February 1, 1992, he sustained severe physical injuries while at work, resulting in hospitalization and permanent 100% physical disability. The plaintiff also has pursued a negligence action in the Bronx Supreme Court which went to trial and verdict on May 23, 1996 (Plaintiff's Exhibit #9) wherein the plaintiff was awarded:
 $ 750,000 for past pain and suffering: 1,600,000 for future pain and suffering over the next 29 years: 80,000 for past loss of earnings: 375,000 for future loss of earnings; and 15,000 for past medical expenses ----------- $2,820,000 Total 423,000 15% culpable negligence of plaintiff ----------- $2,397,000 Jury Award
The defendant moved for judgment N.O.V. or a new trial claiming the verdict was contrary to the medical evidence and excessive. The trial judge's memorandum of decision found no fault with the jury's determination of culpable negligence but did fault the damage awards for pain and suffering totaling $2,350,000. After making adjustment for the plaintiffs share of negligence the trial judge allocated:
 $ 150,000 for past pain and suffering 400,000 for future pain and suffering: 75,000 for past loss of wages: and 175,000 for future loss of wages --------- $ 800,000
The court then ordered a new trial on damages if the plaintiff did not agree to the reduced amounts. He did not agree, and the matter is now on appeal (Plaintiff's Exhibit #6). Since this cause of action is the plaintiff's only substantial asset, the CT Page 2700 parties disagree as to the defendant's interest in it.
The defendant is in good health and has steady employment as a medical office secretary, earning $581 gross and $466 net weekly. She has a personal injury "slip and fall" action pending of uncertain value and little other assets.
To her credit she was tolerant of her husband's behavior throughout the marriage and its ensuing separation. On many occasions the plaintiff sought and the defendant always gave her help and support whether the difficulty was medical, psychological or involvement with the law. Even the plaintiff's girlfriend called upon the defendant when the plaintiff was threatening to kill himself or others. The defendant enabled the plaintiff to get V.A. help.
After the industrial accident the defendant arranged to move the plaintiff from the New York hospital to Norwalk Hospital where she visited him daily. The defendant never gave up hope for the marriage until the present action was started.
Both parties cite Pappageorge v. Pappageorge,12 Conn. App. 596 (1987), in support of their respective positions, he claiming the marriage was over 15 years ago, she claiming an interest in the plaintiffs cause of action. Pappageorge is distinguishable on its facts for once the husband left he had no further contact with his legal wife, formed a monogamous relationship with another woman, fathered a child by her and conducted himself as though married to her. He continued to support his legal wife and children voluntarily. This court finds, in the present case, a very disturbed husband, haunted by memories of Vietnam, unfair treatment as a veteran, guilt for having survived the battles where so many others died, and engaging in the consumption of alcohol and then drugs as a result. By his own admission he could not maintain a close relationship with anyone. The court concludes that the parties were in a dysfunctional, bad, unhappy marriage. Had not the plaintiff continued to seek, and had not the defendant continued to give her help and support, the court would lend more credence to the plaintiffs claims.
The plaintiff had the higher earning capacity and demonstrated it. What is now left of it has now been greatly diminished. The plaintiff has now qualified for Social Security Disability Insurance as of May, 1995 for which he receives $679 monthly (Plaintiff's Exhibit #4). He is also receiving V.A. CT Page 2701 disability of $2,038 monthly and workers' compensation of $1,400 monthly, totaling $957.44 weekly.
This court is not prepared to depart from Raccio v. Raccio,41 Conn. Sup. 115 (1987), holding that a personal injury claim is a marital asset. The court finds no support for the plaintiff's position in Fabiano v. Fabiano, 10 Conn. Sup. 466 (1987) or inTyc v. Tyc, 40 Conn. App. 562 (1996). The court notes that other states view a personal injury cause of action as marital property, Smith v. Smith, Ct. Ape. No. 42AO5-9608-CV-327, 2/18/97: Family Law Reporter, 3/4/97, p. 1201.
At the end of the evidence the parties stipulated that the court could proceed to enter a judgment of dissolution, which it did on March 5, 1997 and reserved on the financial awards. The court, having reviewed the evidence in light of the statutory criteria of Section 46b-81 and Section 46b-82 as well as applicable case law, enters the following financial orders to complete the judgment.
1. The plaintiff shall pay to the defendant $100 weekly as periodic alimony until the defendant's remarriage, the death of either party, further court order[1] or upon her receiving her share of the plaintiffs judgment or award set out in Order #2 infra.
2. The plaintiff shall pay to the defendant 25% of the net recovery received by the plaintiff by judgment or settlement of the suit entitled Richard Lopiano v. Baldwin Transportation,Inc., et al. brought to the Bronx, New York Supreme Court, Index No. 18313/92. The net recovery is defined as the gross settlement proceeds or judgment including interest, less court costs, expenses of trial, attorneys fees and workers' compensation liens, i.e. the amount plaintiff is entitled to as his.
3. The injunction directed to the plaintiff and his law firm of Simpson, Hess and Leibowitz, 15 Maiden Lane, NY, N.Y. entered by this court (Ryan, J.) shall continue and remain in full force and effect until the defendant is paid her share as ordered supra.
4. When the plaintiff receives his net recovery he shall pay to the defendant's attorney the sum of $10,000 as an allowance to defend, payable when the plaintiffs attorney makes the disbursement as referenced supra.
CT Page 2702
Counsel for the defendant is directed to prepare the judgment file.
HARRIGAN, J.