ROBERTA D. STAMP *v.* ANTHONY J. VISCONTI
(AC 17785)

O'Connell, C. J., and Hennessy and Daly, Js.

Submitted on briefs September 18—officially released November 17, 1998

*John F. Morris* and *Raynald B. Cantin* filed a brief for the appellant (defendant).

*Noah H. Starkey* filed a brief for the appellee (plaintiff).

*Opinion*

DALY, J. The defendant, Anthony J. Visconti, appeals from the judgment of the trial court in an action for dissolution of marriage. The defendant claims that the trial court improperly excluded the plaintiff's 401(k)[1] retirement plan as a marital asset. We agree.

The trial court found that the major asset of the marriage was the family home located at 21 Abbey Drive in the town of Hebron. The trial court found that the home's fair market value was $142,000 subject to a mortgage balance of $83,800, leaving equity in the home of $58,200. The only other significant asset of either party in this fourteen year marriage was the plaintiff's 401(k) retirement account valued at $129,000, which was fully funded by her employer. After ordering no alimony to either party, the trial court awarded the family home to the plaintiff who was to transfer $20,000 from her 401(k) account to the defendant for his share therein.

In response to a motion for articulation, the trial court stated: "The 401(k) pension plan was entirely funded by the plaintiff's employer . . . during the approximately 24 years the plaintiff has been employed by him. The defendant has made no contribution to this asset and neither has the plaintiff, thus there was no

---

[1] An employer who wants to provide retirement benefits for employees will customarily establish a pension, profit-sharing or stock bonus plan that qualifies for preferential tax treatment. See Internal Revenue Code (I.R.C.) § 401. A 401(k) plan is a type of pension plan under I.R.C. § 414(i). Under a 401(k) plan, employee contributions are not included in the income of a participant. See I.R.C. §§ 401(k) and 402(e)(3); Internal Revenue Code Reg. §§ 1.401(k)-1 and 1.402(a)-1(d).

loss of marital income attributed to the 401(k) plan. It would not be equitable under these circumstances to award the defendant a share of this asset beyond that ordered to compensate him for the increased value of the real estate . . . ."

"An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented." *Rostain* v. *Rostain*, 213 Conn. 686, 693, 569 A.2d 1126 (1990); see *Leo* v. *Leo*, 197 Conn. 1, 4, 495 A.2d 704 (1985). It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. On appeal, it is the function of this court to determine whether the trial court abused its discretion in its decision. *Michel* v. *Michel*, 31 Conn. App. 338, 340, 624 A.2d 914 (1993).

"Pension benefits represent a form of deferred compensation for services rendered. . . . They do not constitute mere gratuities . . . as the interest in receiving such benefits is contractual in nature. Whether the plan is contributory or noncontributory, the employee receives a lesser present compensation plus the contractual right to the future benefits payable under the pension plan." (Citations omitted; internal quotation marks omitted.) *Krafick* v. *Krafick*, 234 Conn. 783, 794–95, 663 A.2d 365 (1995). "Pension benefits are widely recognized as among the most valuable assets that parties have when a marriage ends." Id., 796. "Thus, we conclude that 'property' as used in [General Statutes] § 46b-81, includes the right, contractual in nature, to receive vested pension benefits in the future." Id., 798.

A fundamental principle in dissolution actions is that a trial court may exercise broad discretion as it considers all relevant statutory criteria. *Burns* v. *Burns*, 41 Conn. App. 716, 721, 677 A.2d 971, cert. denied, 239

Conn. 906, 682 A.2d 997 (1996). Here, the trial court failed to do so in not considering the plaintiff's 401(k) account as a marital asset. "[T]he financial orders in an action for dissolution of marriage are of necessity interwoven and because the rendering of a judgment in an action for the dissolution of marriage is a 'carefully crafted mosaic' "; *Michel* v. *Michel*, supra, 31 Conn. App. 341; we must remand the case to the trial court for a new trial on all financial matters.

The judgment is reversed as to the financial orders only and the case is remanded for a new hearing on all financial issues.

In this opinion the other judges concurred.